IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| COGNITIO CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SRC RECRUITING, LLC; MOLLIE McLAUGHLIN; CHRISTOPHER WELLS; and STANLEY REID CONSULTING, INC., | ) | Civil Action No. 1:26-cv-01221-LMB-WEF |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY ADMINISTRATIVE STAY AND FOR STAY PENDING APPEAL OF THE ORDER DENYING LIMITED TRANSCRIPT REDACTIONS, AND MEMORANDUM IN SUPPORT**

Plaintiff Cognitio Corp. ("Cognitio"), by counsel, respectfully moves under Federal Rule of Appellate Procedure 8(a)(1) for: (1) an immediate temporary administrative stay maintaining the existing restriction on remote public access to the transcript of the July 9, 2026 hearing (ECF 34) while this Court considers this motion; and (2) a stay pending appeal of the Court's August 28, 2026 order denying Cognitio's Motion for Limited Transcript Redactions (ECF 35), maintaining that restriction until the United States Court of Appeals for the Fourth Circuit resolves Cognitio's appeal of that order. Cognitio requests expedited consideration.

## I. BACKGROUND

On August 6, 2026, within the period provided by this Court's transcript-redaction procedures, Cognitio moved to redact two lines of the July 9, 2026 hearing transcript - page 5, lines 10 and 13 - together with derivative index entries. ECF 35. The motion sought no sealing of the transcript and no closure of any proceeding.

The transcript is presently subject to the standard restriction on remote public access, which the docket sets to lift on October 13, 2026. Under that restriction, the parties have the transcript, and the public may review it at the office of the Clerk; only unrestricted remote access through PACER is deferred.

On August 28, 2026, the Court heard argument and denied the motion. Cognitio has noticed an appeal expressly designating that order. Dkt. 49 The certified transcript of the August 28, 2026 hearing has been prepared; any request concerning it will be made, if needed, within this Court's ordinary transcript procedures.

## II. THE ORDER IS IMMEDIATELY APPEALABLE, AND THIS MOTION IS PROPERLY MADE HERE FIRST

The order denying redaction is immediately reviewable under the collateral order doctrine because disclosure would defeat the claimed confidentiality before ordinary appellate review could occur. *Under Seal v. Under Seal*, 326 F.3d 479, 481-85 (4th Cir. 2003) (order unsealing a court record immediately appealable; the district court stayed its unsealing order for ten days to permit an appeal, and the court of appeals then stayed disclosure pending appeal, *id.* at 480). A denial of requested redactions is a partial denial of confidential treatment; the decisive feature is irreversible disclosure before the appeal can be resolved.

Rule 8(a)(1) provides that a party seeking a stay pending appeal must ordinarily move first in the district court. Fed. R. App. P. 8(a)(1). This motion does so.

## III. AN IMMEDIATE ADMINISTRATIVE STAY SHOULD ENTER WHILE THE COURT CONSIDERS THIS MOTION

The relief sought is the preservation of a status quo that has existed since July: the standard remote-access restriction. That restriction lifts by its own terms on October 13, 2026. If it lapses while this motion or the appeal is pending, the confidentiality remedy sought on appeal

is irreversibly defeated by operation of the calendar. A temporary administrative stay preserving present arrangements while the Court considers this motion costs no party anything and preserves the Court of Appeals' ability to decide the question presented.

## IV. A STAY PENDING APPEAL IS WARRANTED

The movant must make a strong showing of likely success on the merits and establish irreparable injury absent a stay; the court then considers injury to other interested parties and the public interest, with the first two factors the most critical. *Nken v. Holder*, 556 U.S. 418, 434-35 (2009); see *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

### A. A strong showing of likely success.

The appeal will present, among other questions: whether the presence of a subset of information in an adversary's Florida court filing - made without prior notice to Cognitio and maintained after Cognitio's written demand for remediation - can defeat confidential treatment of information the movant itself has never publicly disclosed; whether the denial rests on factual premises found nowhere in the record; and the application of this Circuit's holding that a public court filing does not, by itself, conclusively destroy trade-secret status - the question remains fact-dependent, turning on whether the information became generally known or readily ascertainable, *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 418 (4th Cir. 1999) - a holding with particular force where the filing was the adversary's, not the movant's. Each presents a substantial question warranting the strong-showing standard's satisfaction on this record.

### B. Absent a stay, the harm is complete and irreversible.

The subject of the appeal is two lines identifying a confidential commercial relationship involving a non-party government customer. The material's present protection is practical as well

as formal: under the existing restriction it is available only at the office of the Clerk, not through remote electronic access. Once those lines enter unrestricted remote public access, disclosure irreversibly defeats the confidentiality remedy sought on appeal - a later appellate ruling could not restore the information to nonpublic status. *See Under Seal*, 326 F.3d at 481-85; *Nken*, 556 U.S. at 428-29.

**C. A stay takes nothing from Defendants.**

Defendants have the transcript and have fully litigated the motion. The restriction sought is the same one that has governed since July 14, and public access at the Clerk's office continues unchanged. Defendants can identify no cognizable injury from two lines of a transcript remaining under a standard restriction during an expedited appeal.

**D. The public interest favors preserving appellate review.**

The public's right of access is not suspended - it is channeled, briefly, through the Clerk's office, exactly as the existing restriction provides. The public interest favors preserving the status quo long enough for meaningful appellate review of the access ruling; once disclosure occurs, the confidentiality question cannot be restored by a later merits decision. *Cf. Company Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). Avoiding the irrevocable disclosure of a non-party's confidential commercial association before any appellate court has examined the question serves, rather than disserves, the access framework.

**V. LOCAL CIVIL RULE 7(E) STATEMENT**

Pursuant to Local Civil Rule 7(E), counsel for Cognitio conferred with counsel for Defendants by telephone on September 23, 2026, in a good-faith effort to resolve the motion. Defendants' position remains unchanged.  All parties concur with the waiver of oral argument and the Court’s deciding the matter based on the filed pleadings.

## VI. CONCLUSION

Cognitio respectfully requests that the Court: (i) immediately enter a temporary administrative stay maintaining the remote-access restriction on ECF 34 pending disposition of this motion; (ii) stay the August 28, 2026, order pending appeal, maintaining that restriction until the Fourth Circuit resolves Cognitio's appeal; (iii) expedite consideration of this motion; and (iv) grant such further relief as is just.

Dated: September 24, 2026

Respectfully submitted,
COGNITIO CORP.
By counsel

/s/ Milton C. Johns
Milton C. Johns, VSB No. 42305
Executive Law Partners, PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030
571-500-1010
571-408-8102 (f)
mjohns@xlppllc.com
*Counsel for Plaintiff Cognitio Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to all counsel of record.

/s/ Milton C. Johns
Milton C. Johns